IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RAFAEL ROSALES,

        Plaintiff,

v.

CITY OF MILWAUKEE, et al.,

        Defendants.

Case No.: 19-cv-128

Judge Lynn Adelman

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Rafael Rosales has moved for partial summary judgment against Defendant Michael Gasser on the basis that the undisputed facts establish a violation of his Fourth Amendment right to be free from excessive force. Defendant Gasser violated Plaintiff's Fourth Amendment right when he intentionally kicked Plaintiff in the head without justification while Plaintiff was lying face-down and prone on the ground.

## UNDISPUTED FACTS

On August 4, 2017, numerous Milwaukee Police Department officers, including Defendant Michael Gasser, pursued Plaintiff Rafael Rosales in their squad cars for approximately 20 minutes, until the chase ended when the police brought the car Plaintiff was driving to a stop. (Plaintiff's Statement of Proposed Material Facts ¶ 1)

After the chase ended, Plaintiff raised his hands in the air. (*Id.* ¶ 2) Several officers approached the car Plaintiff was driving, one of the officers broke the front passenger window, then several officers pulled Plaintiff out of the window and placed him face down on the ground.

(*Id.* ¶3) Defendant Gasser intentionally kicked Plaintiff in the head while he was lying face-down and prone on the ground.[1] (*Id.* ¶ 4) Defendant Gasser has admitted that his actions in kicking Plaintiff in the head constituted unnecessary, unreasonable and excessive force. (*Id.* ¶ 5)

## ARGUMENT

### I. Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining the motion, the court construes all facts and reasonable inferences in a light most favorable to the nonmoving party. *Mogin v. Monsanto Co.*, 420 F.3d 679, 686 (7th Cir. 2005). More specifically, summary judgment for a 42 U.S.C. § 1983 plaintiff in an excessive force case is appropriate where the excessive force has been previously determined or is otherwise undisputed. *See, e.g., Wilson v. City of Chicago*, 900 F. Supp. 1015, 1024-1029 (N.D. Ill. 1995).

### II. Defendant Gasser Violated Plaintiff's Fourth Amendment Rights When He Kicked Plaintiff in the Head Without Justification

Claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 395 (1989); *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005). "This inquiry involves a 'careful balancing of the nature and quality of the intrusion on the individual's Fourth

---

[1] Although the parties dispute whether Defendant Gasser kicked Plaintiff in the nose or in the forehead—i.e., Plaintiff claims that Gasser kicked him in the nose, and Gasser claims that he kicked Plaintiff in the

2

Amendment interests against the countervailing governmental interests at stake.'" *Abdullahi*, 423 F.3d at 768 (quoting *Graham*, 490 U.S. at 396).

In the present case, the *Graham* analysis is unnecessary because it is undisputed that Defendant Gasser intentionally kicked Plaintiff in the head while he was lying face-down and prone on the ground and Defendant Gasser has admitted that his actions in kicking Plaintiff in the head constituted unnecessary, unreasonable and excessive force.

### III. Defendant Gasser Is Not Entitled to Qualified Immunity

Since it has long been clearly established, by the cases heretofore cited, that police use of unreasonable force on a citizen violates the Fourth Amendment, Defendant Gasser is not entitled to qualified immunity.

### CONCLUSION

Defendant Gasser violated Plaintiff's Fourth Amendment right to be free from excessive force when he kicked him in the head without justification. Partial summary judgment should therefore be entered in favor of Plaintiff and against Defendant Gasser on his excessive force claim in Count I of the Complaint.

---

forehead—this dispute goes to damages, not liability.

Dated: June 13, 2019                                Respectfully submitted,

                                                    s/ Ben H. Elson
                                                    Ben H. Elson, IL Bar No. 6286106
                                                    G. Flint Taylor, IL Bar No. 2802058
                                                    Christian E. Snow, IL Bar No. 6330474
                                                    PEOPLE'S LAW OFFICE
                                                    1180 N. Milwaukee Avenue
                                                    Chicago, Illinois 60642
                                                    Phone: (773) 235-0070
                                                    Fax: (773) 235-6699
                                                    ben.elson79@gmail.com
                                                    flint.taylor10@gmail.com
                                                    christianesnow@gmail.com

                                                    Robin Shellow, #1006052
                                                    THE SHELLOW GROUP
                                                    324 West Vine Street
                                                    Milwaukee, WI 53212
                                                    (414) 263-4488
                                                    tsg@theshellowgroup.com

                                                    Attorneys for Plaintiffs